IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANAHI Z. SUAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PILSEN BREAKFAST & GRILL CORP. | ) |
| d/b/a FRIDA ROOM and ANGEL DIAZ, | ) |
| individually | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Anahi Z. Suarez, by and through her attorneys, Becerra Law Group, LLC, for her complaint against Imperial Pilsen Breakfast & Grill Corp. d/b/a Frida Room and Angel Diaz, individually ("Defendants"), state as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay overtime wages to Plaintiff. In addition, Plaintiff sues to redress the legal and equitable wrongs she suffered when she was assaulted at work.

2. Plaintiff is former server who customarily worked in excess of 40 hours per week, but was not paid overtime wages at the rate of one and a half times her regular rate of pay for all time worked in excess of 40 hours per week.

1

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.       Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

5.       Plaintiff Anahi Z. Suarez resides in and is domiciled in this judicial district.

6.       Plaintiff is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of her employment, Plaintiff handled goods that moved in interstate commerce.

7.       Plaintiff handled materials such as dishes that were not manufactured in the state of Illinois.

8.       Plaintiff handled materials such as coffee and spices that were not manufactured in the state of Illinois.

9.       Defendant Pilsen Breakfast & Grill Corp. is an Illinois corporation doing business within this judicial district under the name "Frida Room." Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

10. Upon information and belief, during the last three years Defendant Frida Room's annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

11. Defendant Frida Room was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

12. Defendant Angel Diaz is the President of Frida Room.

13. Defendant Angel Diaz is involved in the day-to-day business operations of Frida Room.  Among other things, Defendant Angel Diaz has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

14. Defendant Angel Diaz was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

15. Defendant Angel Diaz resides in and is domiciled within this judicial district.

## FACTUAL ALLEGATIONS

16. Defendants operate a restaurant located at 1454 W. 18th Street in Chicago, Illinois.

17. Within the past three years, the Plaintiff worked for the Defendants performing mainly non-exempt work as a server.

18. Plaintiff worked for Defendant from July 2018 through December 2018 and January 2019 through May 2019.

19. Plaintiff typically worked six days a week.

20. Plaintiff's primary duty was serving tables, but she also helped organize the kitchen at the direction of Defendant Angel Diaz.

21. Plaintiff was paid by the hour.

22. Defendants did not pay Plaintiff the premium rate of one- and one-half times her regular rate for hours worked in excess of 40 in a workweek.

23. On May 26, 2019, Plaintiff was working at the restaurant serving customers. At one-point Angel Diaz stood next to Ms. Suarez as she took a customer's order.

24. After she was finished taking the order, Angel Diaz grabbed her by the neck in front of everyone and guided her to the coffee station.

25. At the coffee station, Angel Diaz continued to grab Ms. Suarez's neck and shook her.

26. Angel Diaz was upset because Ms. Suarez had accidentally given a customer caffeinated coffee instead of decaffeinated like they had ordered.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

28. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

29. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. There were workweeks where Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

32. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

33. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

34. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207 as Defendants were aware of its obligation to pay overtime at a rate of one- and one-half times Plaintiff's regular rate.

WHEREFORE, Plaintiff pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half Plaintiffs' regular rate for all time Plaintiffs worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

36. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

37. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

38. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

39. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

40. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

41. Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

42. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

43. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiffs worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Assault and Battery

Plaintiff hereby realleges and incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

44. On April 26, 2019, Defendant Angel Diaz committed an intentional act that placed Ms. Suarez in reasonable apprehension of bodily harm.

45. Defendant Angel Diaz committed intentional acts that resulted in a harmful touching of Ms. Suarez.

46. Angel Diaz's actions were willful and deliberate.

47. As a direct and proximate result of Angel Diaz's actions, Plaintiff has suffered injuries, including but not limited to, pain and suffering, emotional distress, anguish, and experienced great humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests the entry of judgment in her favor and

against the Defendants for assault battery as follows:

    A.    An amount sufficient to fully and justly compensate her for the damages she suffered;

    B.    Award consequential, exemplary or punitive damages;

    C.    Award costs;

    D.    Award such other relief as this Court deems appropriate and just

Respectfully submitted,

Dated: June 28, 2019    **ANAHI Z. SUAREZ**

By: /s/Carlos G. Becerra
One of Plaintiff's Attorneys


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com